## AMERICAN &c. MORTGAGE COMPANY v. MOODY.

1. AN UNAPPEALED DECREE is binding upon all parties to the cause.
2. COSTS IN EQUITY—IMPROPER PAYMENT.—In action by senior mortgagee for foreclosure against mortgagor, junior mortgagee, and intermediate judgment creditors, the decree declared the mortgagor entitled to a homestead, and directed the costs of the action to be paid out of the proceeds of sale. *Held*, that the costs were chargeable upon the whole property and not the homestead only; that the defendant mortgagee, regarded in equity as substantially a plaintiff, was entitled to be paid his costs; and that the mortgagor was not entitled to costs, but having been paid, only the second mortgagee could complain.
3. DECREE—TWO-FUND DOCTRINE.—An ambiguous decree construed to direct the sale of a tract of land, payment of costs out of the proceeds of sale, the payment of the senior mortgage of less than $1,000 primarily out of so much of the land as was homestead, and the junior mortgage out of the remainder of the homestead, if any, and the intermediate judgments out of so much of the land as was in excess of the homestead, in priority to the junior mortgage. And this was in conformity to the equities of the several parties under the "two-fund" doctrine.

4. RULE ON SHERIFF.—Can the questions here considered be properly raised under proceedings by rule against the sheriff who made the sale directed by the court and disbursed the proceeds?

Before NORTON, J., Lancaster, October, 1892.

This was an appeal from a judgment rendered on a return to a rule on John P. Hunter, sheriff, *in re* The American Freehold Land Mortgage Company, Limited, against C. J. L. Moody *et al.*

*Messrs. Jones & Williams*, for appellant.

*Mr. R. E. Allison*, contra.

November 29, 1893. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. In this case the plaintiff brought its action to foreclose a mortgage of real estate executed to it by the defendant Moody, making as parties defendant the judgment creditors of said Moody, as well as Heath, Springs & Co., who held a second mortgage on the same land junior to the plaintiff's mortgage as well as to the said judgments. The case was heard by his honor, Judge Kershaw, who rendered a decree adjudging that the defendant Moody was entitled to a homestead; that the mortgaged premises be sold by the sheriff and the proceeds of such sale be applied as specifically directed in the decree; which will be more particularly adverted to hereinafter. In pursuance of this decree, the premises were sold by the sheriff on the 7th of December, 1891, for the sum of eleven hundred and thirty-five dollars. On the 16th of March, 1892, the costs of the case were taxed by the clerk as follows:

Plaintiff's costs, including expenses of sale......$81 50
Costs of attorney for defendants, Heath, Springs
    & Co................................................. 30 00
Costs of attorney for defendant Moody............ 30 00 $141 50

And on the same day the proceeds of sale.............. $1,135 00
were applied by the sheriff as follows:

To costs as above..................................$141 50
    plaintiff's mortgage.................... ........ 735 94
    Heath, Springs & Co......... ................ 257 56 [1] $1,135 00

The "Case" does not show that any written notice of the taxation of the costs as above was ever given, nor was there any evidence upon that subject given, but it was stated by one of the counsel for appellants that the written statement of the costs as taxed was submitted to one of the attorneys for the judgment creditors, who made no objection thereto, though the gentleman thus referred to said he had no recollection of any such statement being shown him.

Subsequently, to wit, on the 15th of April, 1892, a written notice was given to the sheriff by the attorneys for the judgment creditors, or some of them, that the proceeds of the sale should be disbursed in the manner therein specified; and in pursuance of such notice, a rule was taken out, requiring him to show cause why the sum of one hundred and thirty-five dollars, the amount of the proceeds of sale in excess of the homestead, should not be paid over to the judgment creditors. To this rule the sheriff answered, that before any notice was given to him requiring a different application, he had applied such proceeds in the manner directed by the decree of Judge Kershaw. The rule and answer thereto came before his honor, Judge Norton, who rendered his decree, adjudging, substantially, that the sheriff had misapplied so much of the proceeds of the sale as exceeded the homestead exemption, to wit, the sum of $135, and that he was liable therefor to the judgment creditors in the order of their priorities. From this judgment Sheriff Hunter, as well as Heath, Springs & Co., appeal on the several grounds set out in the record; for although the name of Sheriff Hunter is not embraced in the notice of appeal, as originally served, yet it is embraced in the exceptions subsequently served, and no motion to dismiss the appeal of Hunter has ever been made.

Inasmuch as the decree of Judge Kershaw was never excepted to nor appealed from, it must be regarded, whether right

---

[1] Amount due Heath, Springs & Co. on day of sale was $320.49.

. or wrong, as the law of this case, at least so far as the parties hereto are concerned. Whether it would have been binding on the sheriff, who was not a party to the original case, need not be considered, as he does not now attack that decree. So, too, whether the sheriff would be justified in paying out the costs as they are found taxed in the record by the proper officer, which had not been excepted to and reformed, in an ordinary case of a sale made by him under an execution, need not now be considered, as the only question here is whether the sheriff has properly applied the proceeds of a sale made by him under the order of the court directing how such proceeds should be applied. The sole question, therefore, is as to the proper construction of Judge Kershaw's decree.

It must be admitted that the language of that decree is not as plain as it might have been. Indeed, one portion of the decree appears to be somewhat inconsistent with a subsequent portion; for after adjudging that Moody was entitled to a homestead, the judge uses this language: "The mortgages are to be first paid out of the homestead, and then the judgments are entitled out of the remainder of the property, in the order of their priority, if anything remains after exhausting the homestead exemption in favor of the mortgages." But when he comes to that part of the decree in which the sheriff is directed how to apply the proceeds of the sale—the part to which the sheriff would most naturally and properly look for guidance—his language is: "That out of the proceeds of the sale the sheriff pay first the costs of this action and the expenses of said sale, and next, that he pay to the plaintiff, or their attorneys, the amount due them on their mortgage debt, as hereinbefore stated, with the interest thereon." It will be observed that "the costs of this action" are to be *first* paid, *not* out of the homestead, but "out of the *proceeds of the sale*," to wit, $1,135, and next the plaintiff's mortgage debt. Now, what is meant by the words, "the costs of this action?" Do they mean only the costs of the American Freehold Mortgage Company, or do they embrace also the costs of Heath, Springs & Co.? It is true that the latter are not named as plaintiffs, but it is well settled, that in a proceeding like this on the equity

side of the court, the manner in which the parties are arrayed on the record, whether as plaintiffs or as defendants, is a matter of no moment. When Heath, Springs & Co., as holding the junior mortgage, were brought in as parties, nominally as defendants, the object was to have both mortgages foreclosed. They were then substantially plaintiffs, though nominally defendants, and their costs should be considered as a part of "the costs of the action," the object of which was to foreclose both mortgages; as was done. It will further be observed that Judge Kershaw does not use the words, *the plaintiff's costs* in this action, but his language is, "the costs of this action," which may be well construed as embracing something more than the nominal plaintiff's costs. According to this construction, the sheriff was directed to make this application of the proceeds of sale................................................ ........ $1,135 00

|  | $81 50 |  |
|---|---|---|
| First, to the costs of this action........ | 30 00 | $111 50 |
|  |  | |
| Next, to plaintiff's mortgage debt.............. | 735 94 | 847 44 |

| | |
|---|---|
| Leaving a balance, less than the homestead............. | $287 56 |
| To be applied to the debt of Heath, Springs & Co.... | 287 56 |

There being nothing in the decree warranting the payment of the costs of the defendant Moody, there was clearly a misapplication to his costs; but of this only the appellants, Heath, Springs & Co., could complain, and they make no such complaint.

The next paragraph in the decree is in the following words: "That out of the remainder of the said proceeds of sale, exclusive of costs and expenses, he pay to the defendants, Heath, Springs & Co., the amount of their mortgage debt, as hereinbefore stated, with the interest thereon, but not to exceed in all to both mortgages the sum of one thousand dollars, which is regarded as the homestead of the defendant Moody, and applicable to the payment of said mortgage debts in the order of their priority." It must be confessed that it is somewhat difficult to understand exactly what was meant by the language used, especially the expression, "exclu-

sive of costs and expenses;" but construing this paragraph in
connection with the one just previously quoted, the meaning
would be the same as that which has been found to be the pro-
per construction of the next preceding paragraph, and that this
last quoted paragraph was inserted simply for the purpose of
emphasizing the intention, previously indicated, that no more
than the balance which would remain, of the one thousand
dollars, after satisfying the first mortgage, should be applied
to the mortgage debt in favor of Heath, Springs & Co., until
judgments were satisfied. For it will be remembered that
Judge Kershaw made his decree before he knew, or could pos-
sibly have known, what would be the amount of the proceeds
of the sale. If the land had brought double the sum which it
did bring at the sale, subsequently made, it would have been
very important to have made some distinct provision, that in
no event should Heath, Springs & Co. receive anything more
than would remain of the one thousand dollars, after the first
mortgage was satisfied, until all the judgments senior to the
mortgage of Heath, Springs & Co. had been satisfied; and this,
no doubt, looking to such a contingency, was the true intent of
the paragraph now under consideration.

In the judgment appealed from, Judge Norton clearly mis-
conceives the decree of Judge Kershaw, when he says: "Under
the two-fund doctrine as adopted by Judge Kershaw, plaintiff
was bound, being able to do so, to make his debt and costs out
of the homestead, in exoneration of the property of the defend-
ant in excess of the homestead." As has been shown, Judge
Kershaw did not adopt any such view of the two-fund doctrine.
Indeed, he made no allusion to any such doctrine, though it
may be that he had it in mind in drawing his decree. But he
certainly did not adopt any such view of that doctrine as is
attributed to him by Judge Norton; for he not only did not
hold that the senior mortgagee was bound to make its debt and
costs out of the homestead in exoneration of the property of
the defendant in excess of the homestead, but, on the contrary,
expressly held that the costs of this action should first be paid
out of *the proceeds of the sale,* not of the homestead alone but the
whole property, and next the mortgage debt due to plaintiff.

This was exactly in conformity to the two-fund doctrine, whereas the view erroneously attributed to Judge Kershaw would not have been in conformity to that doctrine; for while it recognizes the equity of the judgment creditors, it ignores a like equity of Heath, Springs & Co.

The question raised here, by the appellants, as to the propriety of a proceeding by rule on the sheriff, while, perhaps, admitting of grave doubt (under the cases of *The State v. Sheriff of Charleston District*, 1 Mill Con. R., 145; *Dawkins* v. *Pearson*, 2 Bail., 619; *Cooper* v. *Scott*, 2 McMull., 150; *Cannady* v. *Odum*, 2 Rich., 527; *Brown* v. *Furze*, *Ibid.*, 530, and *Hooks* v. *Byrd*, 10 *Id.*, 120), cannot now be considered, as no such question was presented to or decided by the Circuit Court.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that court, with instructions to discharge the rule on the sheriff.